IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 00-41036
Conference Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

DAVID ALANIS-PERALES,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. B-00-CR-136-1
--------------------
June 15, 2001

Before WIENER, DeMOSS, and DENNIS, Circuit Judges.

PER CURIAM:*

David Alanis-Perales appeals his guilty-plea conviction and sentence for being found in the United States following deportation, in violation of 8 U.S.C. § 1326.

Alanis-Perales contends that the felony conviction that resulted in his increased sentence under 8 U.S.C. § 1326(b)(2) was an element of the offense that should have been charged in the indictment. Alanis-Perales acknowledges that his argument is foreclosed by the Supreme Court's decision in Almendarez-Torres v. United States, 523 U.S. 224 (1998), but he seeks to preserve

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

the issue for Supreme Court review in light of the decision in Apprendi v. New Jersey, 530 U.S. 466 (2000).  Apprendi did not overrule Almendarez-Torres.  See Apprendi, 530 U.S. at 489-90; United States v. Dabeit, 231 F.3d 979, 984 (5th Cir. 2000), cert. denied, 121 S. Ct. 1214 (2001).  Alanis-Perales's argument is foreclosed.

Alanis-Perales also argues that his indictment was defective because it did not allege that his prior conviction occurred before his last deportation, as opposed to prior to his being found in the United States.  Based on the Supreme Court's decision in Apprendi, Alanis-Perales argues that the timing of his prior conviction is an element of the offense under 8 U.S.C. § 1326(b)(2), which must be alleged in the indictment.  Alanis-Perales's argument is foreclosed.  In Almendarez-Torres, the Supreme Court held that § 1326(b)(2), which includes the timing requirement, is a sentencing factor and not a separate criminal offense.  Almendarez-Torres, 523 U.S. at 235.

The judgment of the district court is AFFIRMED.